**David Richard KROMAN, Petitioner,**

v.

**Pasquale J. CICCONE, Director, United States Medical Center for Federal Prisoners, Springfield, Missouri.**

**No. 16423-2.**

United States District Court
W. D. Missouri, W. D.

April 20, 1967.

Charles R. Purcell, Kansas City, Mo., for petitioner.

F. Russell Millin, U. S. Atty., John W. Carter, Asst. U. S. Atty., Kansas City, Mo., for respondent.

## MEMORANDUM JUDGMENT

COLLINSON, District Judge.

Petitioner seeks a writ of habeas corpus, alleging that he is being illegally held in the Medical Center for Federal Prisoners at Springfield, Missouri, of which the respondent is the Director. A show cause order was issued and respondent's response was filed by the United States District Attorney's office. The Court heard petitioner and his counsel at a hearing held on April 14, 1967.

The pleadings and evidence disclose that this petitioner was one of seventeen defendants indicted in an eleven-count indictment in the United States District Court for the District of Minnesota, and that the trial of this case commenced on March 20, 1967, at Bismarck, North Dakota, with the Honorable Edward J. Devitt presiding. On the following Tuesday, March 28, Judge Devitt signed an order transferring this petitioner from Bismarck, North Dakota to the Medical Center at Springfield, Missouri, for an examination pursuant to 18 U.S.C. § 4244.

It further appears from a transcript of the proceedings on March 27, 1967, that the Court found on its own motion "that there is reasonable cause to believe that Mr. Kroman may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly assist in his own defense." (Tr. 1138) The Court then revoked his bail and committed this petitioner to the custody of the United States Marshal with direction to convey him to the Medical Center for examination "for a period of 45 days, more or less, as may be shown to be necessary by the Warden of that institution. The Warden of that institution is directed to report to the Court the results of this examination as to the mental status of Mr. Kroman under Section 4244 of

Title 18." (Tr. 1138) The Court declared a mistrial as to Mr. Kroman and severed him from further proceedings in this case. It is the legality of this commitment entered as above described that petitioner now attacks by this proceeding.

█ Petitioner first urges the unconstitutionality of Section 4244, Title 18 U.S.C. This question has been before the courts so many times, and especially in this District in which the Medical Center is located, that the Court can state that without any question the constitutional aspects of this proceeding under § 4244 have been carefully reviewed and the statute held constitutional. Greenwood v. United States, 219 F.2d 376 (8th Cir. 1955), aff'd, 350 U.S. 366, 76 S.Ct. 410, 100 L.Ed. 412 (1956).

However, this petitioner contends that the proceedings before Judge Devitt are unconstitutional because he was deprived of the right to counsel and the time in which to prepare his defense and the right to confront the witnesses against him. The record discloses that petitioner is an attorney at law and that although represented by counsel at some stages in the proceedings in this case (before the trial commenced) petitioner was representing himself, voluntarily, as a defendant in the trial of this case, and that the "proceeding" consisted of his appearance before the Court outside the presence of the jury both as a defendant in the case and as attorney pro se in which he told the Court a most bizarre story. It also appears in the record that on the same day he had been interviewed on a local television station in the city in which the trial was being held and recited a number of events based on the same bizarre beliefs. A trial was in progress in which evidence had been received for one week and the Court was confronted with an unusual and disturbing situation. The so-called "proceeding" in which petitioner now claims he should have had appointed counsel was simply a long conference with the Court and all the other attorneys in the case, from which the Court concluded that in the interest of justice and under the authorization of § 4244 the

defendant should be committed for an examination of his mental condition. The only possible practicable method of doing this was by declaring a mistrial of this defendant and ordering a commitment.

Section 4244 states that any time prior to the imposition of sentence the Court has the power upon its own motion or upon motion by the United States Attorney or defendant's attorney, whether or not the accused has previously been admitted to bail, to order the accused committed for such reasonable period as the Court may determine to a suitable facility for examination.

Although, as previously stated, the Court recited that "the Court finds on its own motion," the records further disclose that before this order the United States Attorney had by oral motion requested the Court to order a § 4244 examination.

█ The principal point urged by petitioner's counsel was the contention that since a jury had been sworn and the trial had been commenced in this case that the defendant had been placed in jeopardy; that the defendant did not ask for a mistrial nor in any way agree to a mistrial and that therefore having been once in jeopardy in this case he can never again be tried under this indictment under the Fifth Amendment. If this contention is correct, then the Court before whom this indictment is pending would have no power to order a commitment under § 4244 because he would not stand charged with an offense against the United States in that court. In support of this contention the petitioner relies on Fong Foo v. United States, 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962); Downum v. United States, 372 U.S. 734, 83 S.Ct. 1033, 10 L. Ed.2d 100 (1963). Both of those cases involve situations in which the Supreme Court held that the petitioner had previously been in jeopardy and could not be tried again on the same indictment, but neither substantially approaches the facts of the case before the Court. Only the *Downum* case involves a mistrial declared by the Court over the objection of the defendant and the Court found in that case that the mistrial was declared "so as to

afford the prosecution a more favorable opportunity to convict."

The case of Gori v. United States, 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901 (1960) is determinative of this case and this Court feels that under the teachings of both the majority and minority opinions in this case the protection of the Fifth Amendment is not applicable under these circumstances. The Court in that case stated:

> Where, for reasons deemed compelling by the trial judge, who is best situated intelligently to make such a decision, the ends of substantial justice cannot be attained without discontinuing the trial, a mistrial may be declared without the defendant's consent and even over his objection, and he may be retried consistently with the Fifth Amendment.

Certainly under the most unusual facts presented by this case the trial court was fully justified in exercising its discretion to declare a mistrial in the interest of substantial justice and this petitioner cannot avail himself of the protection of the Fifth Amendment.

Petitioner also complains that the order for a forty-five-day commitment, more or less, is unreasonable and unjust and that an examination of this nature should not "necessitate petitioner being deprived of his liberty for more than a day or two, or a week at the utmost." In this connection, the transcript shows that the United States Attorney suggested a § 4244 examination by a local psychiatrist in the city of the trial. Upon inquiry from the Court petitioner stated that he would refuse to talk to this psychiatrist or any other psychiatrist selected by the Court for such an examination.

At the hearing on the application for this writ the respondent was present in person, and the staff psychiatrist at the Medical Center responsible for the examination of and report on petitioner testified. Upon inquiry from this Court they informed the Court that if requested the examination could be completed within one week from the date of the hearing, although this would mean giving the petitioner's case precedence over other previously scheduled examinations. This Court directed the respondent to complete the examination by Friday, April 21, one week from the date of the hearing, and was assured this would be done.

For the above reasons, it is hereby

Ordered that this petition for writ of habeas corpus be, and is hereby, dismissed with prejudice.